UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No.   1:25-cr-00044 |
| ABDULLAH EZZELDIN TAHA MOHAMED HASSAN, | Hon. Rossie D. Alston, Jr. |
| Defendant. | |

### DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant Abdullah Hassan submits this response to the order to show cause the Court issued on January 28, 2026 (Doc. 72) inquiring why Abdullah had failed to comply with the Court's January 13, 2026 Order (Doc. 71).

### BACKGROUND

1.  On January 13, 2026, the Court issued an order directing Abdullah to file, by January 19, 2026, a response to the Government's status report that (1) states whether Abdullah intends to further waive his speedy trial rights and, if so, includes a speedy trial waiver; and (2) contains a joint proposal for alternative jury trial dates if the Court determines that the trial should be continued. Doc. 71.

2.  In the same order, the Court gave Abdullah until January 26, 2026, to submit an *ex parte* brief explaining potential defenses that would be relevant to the Court's consideration of the Government's CIPA § 4 motion. *Id.*

3.  Abdullah submitted both the response to the Government's status report (along with a speedy trial waiver) and the CIPA § 4 brief on January 28, 2026. Docs. 73, 75.

## DISCUSSION

Undersigned counsel acknowledges that he failed to timely comply with the Court's directive that he respond to the Government's status report by January 19, 2026, and expresses regret for failure to do so. However, Abdullah's CIPA § 4 brief, though filed two days after the deadline the Court set, was timely because of weather-related court closures.

*First*, the status report. The parties were unable to settle on proposed alternative jury trial dates by the court-ordered deadline. Part of the delay was due to co-defense counsel Sabrina Shroff's schedule. Ms. Shroff was to start trial in the Eastern District of New York on April 22, 2026, and was informed that that trial date could shift as the government (AUSA Emily Dean) had a last minute CIPA § 4 motion. As such, she did not know what her availability for a trial in this case would be. The judge in the Eastern District ruled on January 22, 2025, that trial would be adjourned. Although defense counsel should have immediately informed this Court, they only informed the government of delay. We apologize to the Court for this lapse and assure the Court it will not re-occur.

*Second*, the CIPA § 4 brief. Counsel submitted this *ex parte* brief under seal. This required him to file it in person at the clerk's office.[1] But the clerk's office was closed on January 26 and 27 due to the snow. The rules of civil procedure account for such a scenario: when the clerk's office is inaccessible on the last day of filing, the "time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P.

---

[1] *See* Eastern District of Virginia Electronic Case Filing Policies and Procedures Manual at 21 (exempting all sealed documents in criminal cases from electronic filing and requiring that they be submitted to the clerk's office in a sealed envelope), available at https://www.vaed.uscourts.gov/sites/vaed/files/2025-9-26PoliciesProceduresVAED.pdf.

6(a)(3)(A). Here, that date was January 28, 2026. Counsel timely submitted the brief under seal at the clerk's office on that date. *See* Doc. 73.

Again, counsel apologizes sincerely for missing the January 19, 2026 deadline. In retrospect, counsel should have filed a response informing the Court that the parties required an additional few days to assess their availability for alternative trial dates. Such oversight will not happen again.

Respectfully,

/s/ *Abdel-Rahman Hamed*
ABDEL-RAHMAN HAMED, ESQ.
VA Bar No. 99055
Hamed Law
P.O. Box 25085
Washington, D.C. 20027
(202) 888-8846
advocates@hamedlaw.com

*Attorney for Mr. Abdullah Hassan, Pro Bono Publico*